**Donna Huff KIRBY, Plaintiff,**

v.

**John MARSH, etc., Defendant.**

**Civ. A. No. 85V–1137–S.**

United States District Court,
M.D. Alabama, S.D.

Dec. 31, 1985.

Walsh in his complaint.

Jack W. Smith, Dothan, Ala., for plaintiff.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## ORDER

VARNER, District Judge.

This cause is now before the Court on Defendant's motion filed herein December 2, 1985, to reduce ad damnum and on the Plaintiff's motion to dismiss counterclaim contained in Paragraph (1) of the Answer to Counterclaim filed herein December 16, 1985.

As grounds for his motion to reduce ad damnum, Defendant alleges that, since the administrative claim filed in this cause only claimed damages in the amount of $350,-

000.00, Plaintiff should now be precluded from seeking additional damages pursuant to 28 U.S.C. § 2675(b). Thus, the issue presented to this Court is whether a plaintiff may come into federal court under the Federal Tort Claims Act and seek damages in excess of those originally claimed in the administrative process, even though prior to the time of the federal agency's final determination of the claim plaintiff had amended her claim so as to increase the ad damnum clause therein. Having considered the pleadings hereto filed by the parties, as well as oral argument in open Court on December 30, 1985, this Court is of the opinion that, for reasons expressed below, said motion to reduce ad damnum should be denied.

For purposes of the motion to reduce ad damnum, the relevant facts are as follows. On July 27, 1984, Plaintiff filed a claim with the Secretary of the United States Army for alleged damages arising out of an automobile accident occurring on June 7, 1984, in Henry County, Alabama. This administrative claim sought damages in the amount of $350,000.00. On September 5, 1985, Plaintiff filed an amendment to her claim which increased the ad damnum clause therein to $1,000,000.00.[1] Thereafter, on September 19, 1985, Plaintiff filed her complaint in this Court seeking damages in the latter stated amount. On September 23, 1985, Defendant Secretary denied Plaintiff's administrative claim.

Title 28 U.S.C. § 2675(b) provides:

"An action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, * * *."

From the above-stated facts, it is clear that the amount of the claim presented to the federal agency prior to the agency's final determination thereon was $1,000,000.00. Though it might be argued that Plaintiff

1. This Court takes notice of the fact that, pursuant to 28 U.S.C. § 2675(a), the failure of a federal agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim. However, the parties herein are not contending, nor do the pleadings demonstrate, that Plaintiff exercised her option to do so at the time she filed her amendment on September 5, 1985. Thus, at such time, Plaintiff's claim before the administrative agency was still pending and subject to being amended.

was untimely or delayed unreasonably in so filing her amendment, the fact still remains that the amount of the claim sought here does not exceed that amount denied by the federal agency on September 23, 1985. Accordingly, 28 U.S.C. § 2675(b) does not preclude Plaintiff's claim in this Court for $1,000,000.00.

Accordingly, it is ORDERED by this Court that Defendant's motion to reduce ad damnum filed herein December 2, 1985, be, and the same is hereby, denied.

It is further ORDERED by this Court that Plaintiff's motion to dismiss counterclaim contained in Paragraph (1) of the Answer to Counterclaim filed herein December 16, 1985, be, and the same is hereby, denied.